I dissent from the denial of certiorari review. I think it is due on two issues.
The first is the correctness vel non of the holding by the Court of Criminal Appeals, 767 So.2d at 402, that the defendant-petitioner's claim of juror misconduct, predicated on a juror's failure to answer a voir dire question, is precluded from Rule 32, Ala.R.Crim.P., review because it should have been, but was not, raised on direct appeal. Nothing preceding the direct appeal would have alerted the defendant or his counsel that the juror was withholding information sought by the voir dire
question as distinguished from remaining silent because the question did not apply or the answer was negative. Silence is the customary way jurors "swear" that the question does not apply to them or that the answer is no. The implication of the Court of Criminal Appeals that the defendant and counsel must divine and successfully investigate all possible instances of nondisclosure in time to preserve them for direct appeal is untenable. The constitutional right to a fair jury does not depend on such an impossible condition.
The second issue we should examine is the correctness vel non
of the holding by the Court of Criminal Appeals, 767 So.2d at 403, that the trial court properly disallowed an affidavit by a juror to the effect that the jury had misbehaved by obtaining and considering information that, at the defendant's prior trial, he had been convicted and sentenced to death. The defendant-petitioner represents that he depended on this affidavit only because the sheriff failed to serve the juror with a subpoena properly requested by the defendant, who was entitled to compulsory process.